IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:10-cv-278

| | |
|---|---|
| **FAMILY DOLLAR STORES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **OVERSEAS DIRECT** | ) |
| **IMPORT CO., LTD.** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to dismiss, or, alternatively, to transfer the action the United States District Court for the Southern District of New York. The Plaintiff opposes the relief sought. For the reasons stated below, the Court **DENIES** the Defendant's motion to dismiss and the Court **GRANTS** the Defendant's motion to transfer this action to the United States District Court for the Southern District of New York.

### I. FACTUAL AND PROCEDURAL HISTORY

From 2001 through 2008, Overseas Direct Import Company, Ltd. ("ODI") and Family Dollar had a business relationship whereby ODI was one of several suppliers Family Dollar used to stock its stores with Family Dollar branded merchandise. Family Dollar states that it ended its business relationship with ODI in 2008 for reasons related to price and an unresolved dispute over importation tariffs. In December of 2009, ODI learned of what it considered to be infringing activities by Family Dollar. Soon thereafter, ODI made its first attempt at resolving

1

the dispute. On December 14, 2009 two principals of ODI flew to North Carolina and met with Family Dollar senior Vice President Michael Kvitco.  The parties discussed the matter throughout December of 2009 and January of 2010, and even expressed interest in doing business together in the future.

In February, March, and April of 2010 Ezra Sutton, counsel for ODI, sent several items of correspondence to counsel for Family Dollar informing Family Dollar of ODI's intent to file suit against Family Dollar. In fact, in March of 2010, ODI sent Family Dollar a courtesy copy of the complaint that it was prepared to file.

On June 1, 2010 the parties began to discuss the possibility of a settlement meeting in New York City on June 25, 2010.  Details of the proposed settlement meeting were further discussed and on June 4, 2010, counsel for Family Dollar stated that Family Dollar would be willing to attend the meeting on June 25, 2010 at 1 p.m. in New York City.

On June 22, 2010, in preparation for the June 25th meeting, ODI sent an amended draft complaint via e-mail to counsel for Family Dollar.  Additionally, according to Family Dollar, ODI conveyed an "expectation of entitlement that convinced Family Dollar that a meeting in New York would be fruitless."  (Doc. 11 at 8).  The next day, June 23, 2010 Family Dollar contacted ODI to request that the parties hold their settlement meeting at Family Dollars' headquarters near Charlotte, North Carolina.  Counsel for Family Dollar communicated to ODI that holding the meeting in Charlotte would engender a better environment for resolving the dispute and that the matter had just recently come to the attention of the CEO of Family Dollar. ODI refused Family Dollar's request to change the location of the settlement meeting, citing the last minute nature of the request and previous unsuccessful attempts to resolve the dispute in Charlotte.

Once it became apparent that ODI would not agree to the settlement meeting in Charlotte, Family Dollar filed this action in the Western District of North Carolina. Family Dollar asserted a breach of contract claim along with a declaration regarding intellectual property rights that ODI claimed months earlier.  One day later, on June 24, 2010, ODI filed a similar complaint in the Southern District of New York ("the New York action).  ODI's complaint asserts several claims against Family Dollar, including ones for trademark infringement, trade dress infringement, copyright infringement, and a breach of the implied covenant of good faith and fair dealing.  ODI's complaint also includes a claim against Prestige, a vendor who supplies Family Dollar with products.

On July 6, 2010, Family Dollar filed a Motion to Dismiss or Transfer Plaintiff's Complaint in the New York action.  On July 26, 2010, ODI filed a Motion to Dismiss Plaintiff's Complaint or Transfer Venue in this action.

On November 12, 2010, a hearing was held in the Southern District of New York to address Family Dollar's motion in the New York action.  At the hearing, District Court Judge John G. Koeltl ordered that the New York action be stayed and the docket closed pending a decision by this court on whether it would retain jurisdiction.

Presently before this court is Defendant's Motion to Dismiss Plaintiff's Complaint or Transfer Venue (Doc. # 10). Plaintiff has responded with a memorandum in opposition to the Defendant's motion and Defendant has since replied to Plaintiff's response to Defendant's motion. This matter is now ripe for decision.

Subject matter jurisdiction in this case is proper pursuant to 28 U.S.C. § 1331 as Plaintiff seeks a declaratory judgment of non-infringement of trademarks under 15 U.S.C. § 1051 et seq. and a declaratory judgment of non-infringement of copyright under 17 U.S.C. § 501 et seq..

## II. DISCUSSION

Family Dollar argues that this court should apply the "first-filed" rule and retain jurisdiction over this case. ODI argues that this court should find the "special circumstances" exception to the "first-filed" rule applicable and transfer this case to the United States District Court for the Southern District of New York. For the reasons set forth below, this court agrees with ODI and will transfer this case to the United States District Court for the Southern District of New York.

A.  The First-Filed Rule

When similar lawsuits are filed in multiple forums, the Fourth Circuit adheres to the "first-filed" rule, which holds that the first-filed suit should have priority. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir. 2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974)); accord Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 300, 2001 WL 627618, * 3 (4th Cir. June 7, 2001) (unpublished).

Before determining whether an exception to the first-filed rule applies, this court must determine whether the current action and the New York action are even subject to the first-filed rule. Multiple lawsuits are subject to the first-filed rule if "the same factual issues" provide the basis for each suit. Allied-Gen. Nuclear Serv's v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982). Other courts in the Fourth Circuit have gone further and used a three-factor test for determining whether multiple cases are subject to the first-filed rule, considering (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues being raised. Remington Arms. Co., Inc. v. Alliant Techsystems, Inc., 2004 WL 444574,

*2 (M.D.N.C. 2004 Feb. 25, 2004) (internal citations omitted).

Applying this test to the current action and the New York action, it becomes clear that these actions are similar enough to be subject to the first-filed rule. The two actions in this case were filed one day apart. An additional party, Prestige, exists in the New York action but its presence does not change the gravamen of the dispute. The claims are also similar. In this action, Family Dollar seeks a declaratory judgment that it has not infringed trademarks and a copyright claimed by ODI. Family Dollar also alleges a breach of contract in this action. Similarly, in the New York action, ODI has alleged trademark, trade dress and copyright infringement along with several related state law claims. Id. ("The presence of additional but related state law claims does not, however, mean that the cases are so dissimilar as to avoid the application of the first-filed rule."). Accordingly, this court concludes that the first-filed rule applies and must now determine whether any exceptions to the rule apply.

B. Exceptions to the First-Filed Rule

Broadly speaking, there are two categories of exceptions to the first-filed rule in the Fourth Circuit. First, "[t]he Fourth Circuit has accepted the prospect of an exception to the first-filed rule when the balance of convenience weighs in favor of the second forum." Remington, 2004 WL 444574 at *2, citing Learning Network, Inc. v. Discovery Communications, Inc., No. 01-1202, 2001 WL 627618, at *3 (4th Cir. June 7, 2001) (unpublished). Second, older Fourth Circuit precedent and precedent from outside our circuit suggest an exception to the first-filed rule under "special circumstances." See e.g., Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937) (Courts should decline jurisdiction over declaratory judgment actions filed "for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction."); Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000) ("An improper anticipatory

5

filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit is in another court." (citations and quotations omitted)).

ODI argues that special circumstances exist for transferring the case to the Southern District of New York and that the balance of convenience weighs in favor of transfer. Family Dollar, conversely, argues that there are no special circumstances favoring transfer of this action and that the balance of convenience favors this court retaining jurisdiction under the first-filed rule. Because this court finds that special circumstances exist for transferring this case to the Southern District of New York, it need not address whether the balance of convenience factors also favor transfer.

Among the special circumstances that would permit a departure from the first-filed rule is the instance where an action was filed in the midst of settlement negotiations. Remington, 2004 WL 444574 at *2; see also EMC Corp. v. Norand Corp., 89 F.3d 807, 814 (Fed. Cir. 1996). Furthermore, other courts have refused to apply the first-filed rule when the party that files first does so with notice that the other party is about to file suit. See e.g., Anheuser-Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 419 (8th Cir. 1999); Touchstone Research Lab., Ltd. v. Anchor Equip. Sales, Inc., 294 F. Supp. 2d 823, 828 (N.D. W. Va. 2003); Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000).

The Eighth Circuit has identified two factors where special circumstances for deviating from the first-filed rule may exist. First, when the first-filed action is for declaratory judgment, a closer look is warranted because "such an action may be indicative of a preemptive strike than a suit for damages or equitable relief." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 1993). Second, a red flag is raised when the party that filed first was on notice that a lawsuit was imminent. Id. Both of the red flags identified by the Eighth Circuit

6

are present in this case. First, Family Dollar brought a declaratory judgment action against ODI under circumstances that are indicative of a preemptive strike. Second, because ODI sent Family Dollar a courtesy copy of the complaint, Family Dollar at the very least had notice that ODI was strongly considering legal action.

Moreover, the fact that Family Dollar filed suit in the midst of settlement negotiations and two days before a settlement meeting was expected to take place suggests that this was a race to the courthouse to establish the priority of its own suit. Indeed, "[w]hen the circumstances suggest a race to the courthouse, the first-to-file rule loses much of its force." Samsung Electronics Co., Ltd. v. Rambus Inc., 386 F. Supp. 2d 708 (E.D. Va. 2005). Such a circumstance, known as an anticipatory filing, is present in this case. See Herbert Ltd. P'ship v. Electronic Arts Inc., 325 F. Supp. 2d 282, 292 (S.D.N.Y. 2004) ("An anticipatory filing is improper when it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose.")(internal quotations omitted).

The procedural history in this case even seems to mirror the "classic case" of an anticipatory filing:

> "In a typical patent infringement case, for example, the first-to-file rule would be disfavored in a scenario where (1) a patentee has notified an alleged infringer of suspected infringement, (2) good faith negotiations between the parties have ensued, and (3) the alleged infringer then files a declaratory judgment action in the forum of his choice." Samsung Electronics Co., Ltd. v. Rambus Inc., 386 F. Supp. 2d 708, 724 (E.D. Va. 2005)(internal quotations omitted).

In the current case, ODI first discovered Family Dollar's potentially infringing activities in December of 2009 and soon thereafter notified Family Dollar. Between December of 2009 and June of 2010, the parties engaged in good faith negotiations about their dispute. On June 23, 2010, two days before the parties were supposed to have a settlement meeting, Family Dollar

7

constructively canceled the settlement meeting by demanding the meeting be held in North Carolina. Almost immediately after attempting to change the location of a New York meeting planned for nearly a month, Family Dollar filed this action. Further, Family Dollar did this after it received a courtesy copy of the complaint ODI intended to file.

As the Fourth Circuit has pointed out, "[i]n some cases, there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse." Learning Network, Inc. v. Discovery Communications, Inc., 11 F. App'x. 297, 301, 2001 WL 627618, (4th Cir. 2001)(unpublished). That point has come in the current case. Family Dollar and ODI were engaged in settlement discussions, and when those settlement discussions broke down, it was reasonable for Family Dollar to expect ODI to file the action complained of which it had already sent Family Dollar a courtesy copy. Family Dollar's effort to bring a declaratory judgment action immediately after constructively canceling the settlement meeting constitutes a race to the courthouse that this court considers an improper act of forum shopping.

Further support is provided for applying the "special circumstances" exception because of the dangers associated with allowing plaintiffs such as Family Dollar to use a declaratory judgment as a means of forum shopping. Clearly, "[t]he Declaratory Judgment Act is not to invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." DeFeo v. Procter & Gamble Co., 831 F. Supp. 776, 778 (N.D. Cal. 1993); see also Myles Lumber Co. v. CAN Fin. Corp., 233 F.3d 821, 824 (4th Cir. 2000) ("Procedural fencing is a factor that might weigh against exercising jurisdiction over a declaratory judgment action."). Moreover, applying the first-filed rule in circumstances like

those of the present case could have the impact of thwarting settlement negotiations and encouraging intellectual property holders to file suit rather than communicate with an alleged infringer. See Z-Line Designs, Inc. v. Bell'O Int'l., LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

Thus, this court believes it is appropriate to apply the special circumstances exception to the first-filed rule. The "decision to invoke the first filed rule is an equitable determination that is made on a case by case basis." Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). Special and compelling circumstances exist in this case whereby it is proper for this court to transfer this action to the United States District Court for the Southern District of New York. This court, having considered the above reasons why this case should be transferred, need not address the issue of whether it is also appropriate to transfer this case under the "balance of convenience" exception to the first-filed rule. Accordingly, this court will TRANSFER this case to the United States District Court for the Southern District of New York.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's alternative motion to transfer is **GRANTED**, and this action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

**SO ORDERED.**

Signed: January 18, 2011

Richard L. Voorhees
United States District Judge